Filed 12/29/25  P. v. Jordon CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102256 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE015166) |
| v. | |
| TYRONE A. JORDON, | |
| Defendant and Appellant. | |

Defendant Tyrone A. Jordon appeals from his judgment and sentencing, in which the trial court advised that he would be subject to parole for a period not to exceed three years when released from prison.  Jordon claims the trial court's advisement should be "clarified" to reflect a period of parole supervision of two years, pursuant to Penal Code section 3000.01.[1]  We will affirm the judgment.

BACKGROUND

The details of the underlying conviction are not relevant to the disposition in this matter.  We omit them accordingly.

---

[1]     Undesignated statutory references are to the Penal Code.

1

In 2024, Jordon was charged with attempted murder (§§ 187, subd. (a), 664; count one), battery with serious bodily injury (§ 243, subd. (d); count two), criminal threats (§ 422; count three), assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); counts four & six), and assault with a deadly weapon (§ 245, subd. (a)(1); count five). The information also alleged a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12).

Jordon pled no contest to count five and admitted the prior strike conviction. During the plea colloquy, the trial court advised Jordon that under the plea agreement, he would be sentenced to eight years in state prison, "[a]nd after you're released from state prison, you'd be supervised for up to 3 years and may be required to serve an additional 6 months for any violation of that parole."

The trial court sentenced Jordon to four years in state prison, doubled to eight years for the prior strike. The trial court also advised Jordon that "at the end of your period of incarceration you will be on parole not to exceed three years. If you violate any condition of your parole, you may be revoked and returned to custody for up to one year." The trial court then dismissed the remaining counts and allegations upon motion of the People.

Jordon timely appealed and was granted a certificate of probable cause. (§ 1237.5.)

DISCUSSION

Jordon contends the judgment must be "clarified" to include a period of parole supervision of two years, not three. The People argue in response that the trial court did not set the parole term, but instead merely advised Jordon of a possible parole term, and therefore the judgment need not be modified. We agree that modification of the judgment is unnecessary.

When the trial court imposes a determinate term under section 1170, the "court shall . . . inform the defendant that as part of the sentence after expiration of the term they

may be on parole for a period as provided in Section 3000 or 3000.08 or postrelease community supervision for a period as provided in Section 3451." (§ 1170, subd. (c); see Cal. Rules of Court, rule 4.433(e)(1).) The trial court is also required to advise a defendant pleading guilty to a felony that a period of parole is a direct consequence of such a plea. (*People v. Nuckles* (2013) 56 Cal.4th 601, 609, citing *In re Moser* (1993) 6 Cal.4th 342, 351-352.)

Although the trial court is required to advise a defendant of the parole period, the duration and conditions of parole are established by the Legislature and the parole authority or the Department of Corrections and Rehabilitation (CDCR). (§ 3000, subd. (b)(7); *In re Lira* (2014) 58 Cal.4th 573, 584.) The sentencing court lacks authority to set or alter the applicable term of parole. (*In re Moser, supra*, 6 Cal.4th at p. 357; *Berman v. Cate* (2010) 187 Cal.App.4th 885, 898.) With exceptions not applicable here, section 3000.01 now limits the period of parole for an inmate serving a determinate term to two years. (§ 3000.01, subd. (b)(1), added by Stats. 2020, ch. 29, § 18.)

We construe the trial court's statement about the parole term as a mere advisement—albeit an erroneous one—regarding the length of the parole term, rather than an attempt to impose a specific parole term. Since the parole term was merely an advisement and will be determined by CDCR or the parole authority, we need not modify the judgment. (*People v. Tilley* (2023) 92 Cal.App.5th 772, 780.)

DISPOSITION

The judgment is affirmed.

/s/
EARL, P. J.

We concur:

/s/
MAURO, J.


/s/
WISEMAN, J.*

---

*        Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4